UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVANTE CHIRSE,

                    Petitioner,

         -against-

PAUL PICOLO, Albany County and
Southport Facility Superintendent,

                    Respondent.

20-CV-10999 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

       Petitioner, currently incarcerated at Southport Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* challenging the constitutionality of his 2015 conviction in the New York Supreme Court, Albany County. *People v. Chirse*, 146 A.D.3d 1031 (3d Dep't Jan. 5, 2017), *lv. denied*, 29 N.Y.3d 947 (Mar. 31, 2017). Because Petitioner was convicted and sentenced in Albany County, which is located in the Northern District of New York, 28 U.S.C. § 112(a), this action is transferred under Local Rule 83.3 to the United States District Court for the Northern District of New York.[1]

---

[1] Petitioner's submission is captioned as a state court *habeas corpus* petition seeking relief under Article 70 of the New York Civil Practice Law and Rules. (ECF 1.) If Petitioner seeks to challenge a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," his application must be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because Petitioner must be given the opportunity to withdraw this action before it is construed as brought under § 2254, *see Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003), the Court declines to construe the submission as a *habeas corpus* petition, leaving such a decision to the transferee court.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York.[2] This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 29, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Petitioner did not pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. *See* 28 U.S.C. §§ 1914, 1915.